IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CINDY LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No:** |
| | ) | **2:19-cv-882-SMD** |
| v. | ) | |
| | ) | |
| **KOCH FOODS OF ALABAMA LLC,** | ) | |
| and **SHANE FORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## DEFENDANTS' ANSWER TO COMPLAINT
_____

COME NOW THE Defendants, KOCH FOODS OF ALABAMA LLC ("Koch Foods") and SHANE FORD ("Ford" and collectively with Koch Foods "Defendants"), by and through counsel, and Answer the Complaint of Plaintiff Cindy Lee ("Lee") ("Plaintiff") as follows:

### GENERAL DENIAL

Unless specifically admitted herein, Defendants deny the material allegations of Plaintiff's Complaint and demand strict proof thereof.

### PRELIMINARY STATEMENT

1. Defendants admit Plaintiff is attempting to invoke the jurisdictional provisions set forth in Paragraph 1 of the Complaint but deny they committed any violations or that Plaintiff is entitled to any relief under the cited statutes or laws

and demands strict proof thereof.

## JURISDICTION AND VENUE

2. Defendants admit Plaintiff is attempting to invoke the jurisdictional provisions set forth in Paragraph 2 of the Complaint but deny they committed any violations entitling Plaintiff to jurisdiction and demands strict proof thereof.

3. Defendants admit Plaintiff is attempting to invoke the provisions set forth in Paragraph 3 of the Complaint but deny they committed any violations entitling Plaintiff to jurisdiction as stated and demands strict proof thereof.

4. Defendant Koch Foods admits it does business within the geographic area of the Middle District of Alabama, and admits that Plaintiff is attempting to invoke the jurisdictional and venue provisions set forth in Paragraph 4 of the Complaint, but denies it committed any violations entitling Plaintiff to venue and demands strict proof thereof.

5. Defendants admit Plaintiff is attempting to invoke the provisions set forth in Paragraph 5 of the Complaint but deny they committed any violations entitling Plaintiff to jurisdiction as stated and demands strict proof thereof

## PARTIES

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant Koch Foods admits it is an employer within the meanings

of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto, but, denies it violated any aspects of same and demands strict proof thereof.

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit Plaintiff was an employee of Koch Foods within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto, but, denies they violated any aspects of same and demands strict proof thereof.

## FACTS

11. Defendants admit Koch Foods employed Plaintiff at all times material hereto until she resigned her position on or about April 22, 2019.

12. Defendants deny the allegations set out in paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations set out in paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants deny the allegations set out in paragraph 14 of the Complaint and demand strict proof thereof

15. Defendants admit that Plaintiff filed a charge of discrimination against

Koch Foods with the Equal Employment Opportunity Commission ("EEOC"). Defendants deny the remaining allegations of Paragraph 15 of the Complaint and demand strict proof thereof.

16.  Defendants admit that Plaintiff terminated her employment on or about April 22, 2019 but deny the remaining allegations of Paragraph 16 of the Complaint and demand strict proof thereof.

17.  Defendants deny the allegations set forth in Paragraph 17 of the Complaint and demand strict proof thereof.

18.  Defendants deny the allegations set forth in Paragraph 18 of the Complaint and demand strict proof thereof.

## COUNT ONE
## SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

19.  Except as specifically admitted in this Answer, Defendants deny all of the allegations set forth in Plaintiff's Complaint and demand strict proof thereof.

20.  Defendants deny the allegations set forth in Paragraph 20 of the Complaint and demand strict proof thereof.

21.  Defendants deny the allegations set forth in Paragraph 21 of the Complaint and demand strict proof thereof.

22.  Defendants deny the allegations set forth in Paragraph 22 of the Complaint and demand strict proof thereof.

23.  Defendants deny the allegations set forth in Paragraph 23 of the

Complaint and demand strict proof thereof.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint and demand strict proof thereof.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint and demand strict proof thereof.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint and demand strict proof thereof.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint and demand strict proof thereof.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants deny the allegations set forth in Paragraph 33 of the

Complaint and demand strict proof thereof.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint and demand strict proof thereof.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint and demand strict proof thereof.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint and demand strict proof thereof.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint and demand strict proof thereof.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint and demand strict proof thereof.

## **COUNT TWO**
## **TITLE VII**

39. Except as specifically admitted in this Answer, Defendants deny all of the allegations set forth in Plaintiff's Complaint and demand strict proof thereof.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint and demand strict proof thereof.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint and demand strict proof thereof.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint and demand strict proof thereof.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint and demand strict proof thereof.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint and demand strict proof thereof.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint and demand strict proof thereof.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint and demand strict proof thereof.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint and demand strict proof thereof.

48. Defendants admit Plaintiff has satisfied all administrative prerequisites to bring this action under Title VII but deny Plaintiff is entitled to any relief under same.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint and demand strict proof thereof.

## COUNT THREE
## TITLE VII RETALIATION

50. Except as specifically admitted in this Answer, Defendants deny all of the allegations set forth in Plaintiff's Complaint and demand strict proof thereof.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint and demand strict proof thereof.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint and demand strict proof thereof.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint and demand strict proof thereof.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint and demand strict proof thereof.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint and demand strict proof thereof.

56. Defendants admit Plaintiff has satisfied all administrative prerequisites to bring this action under Title VII but deny Plaintiff is entitled to any relief under same.

Defendants deny that Plaintiff is entitled to the relief requested in this un-numbered paragraph and specifically in sub paragraphs a-g.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### **SECOND DEFENSE**

Defendants plead after-acquired evidence, to the extent it applies.

### **THIRD DEFENSE**

Any decision made by Defendant Koch Foods was taken for lawful reasons having nothing to do with Plaintiff's purported protected conduct.

## FOURTH DEFENSE

Even if retaliation or any other impermissible motive was a factor that motivated the action complained of, the same action would have been taken in the absence of any impermissible motivation.

## FIFTH DEFENSE

Plaintiff's damages are limited to the extent she has failed or refused to mitigate her damages. Alternatively, if Plaintiff did mitigate her damages, Defendant Koch Foods is entitled to an offset.

## SIXTH DEFENSE

To the extent Plaintiff's own conduct contributed to or exacerbated any of her damages, the doctrine of contributory negligence bars Plaintiff from recovering from Defendants.

## SEVENTH DEFENSE

Plaintiff's claims are barred either in whole or in part by the applicable statute of limitations.

## EIGHTH DEFENSE

To the extent Plaintiff's Complaint challenges employment decisions affecting her, such decisions were made on the basis of legitimate,

nondiscriminatory, and non-retaliatory factors.

## NINTH DEFENSE

Defendants have not engaged in any willful or other conduct entitling Plaintiff to punitive damages.

## TENTH DEFENSE

Defendants affirmatively made a good faith effort to comply with all federal and state laws.

## ELEVENTH DEFENSE

To the extent the Court determines Plaintiff's claims are frivolous, groundless in fact, or vexatious, or interposed for any improper purpose, Defendants are entitled to recover their attorneys' fees and costs.

## TWELFTH DEFENSE

Plaintiff's claims for compensatory damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

## THIRTEENTH DEFENSE

Defendant Koch Foods is not liable for punitive damages, as it made good faith efforts to enforce any anti-discrimination laws and policies. Defendant Koch Foods cannot be held vicariously liable for punitive damages for any allegedly discriminatory decision of its agents when such decisions are contrary to Defendant's good faith efforts to prevent discrimination in the workplace and

comply with Title VII. Defendant Koch Foods, in no way, acted with malice or reckless disregard for the federal laws preventing discrimination or retaliation. *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 546 (1999).

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, waiver, res judicata, judicial estoppel, and collateral estoppel, to the extent they may apply.

### FIFTEENTH DEFENSE

Defendants did not proximately cause any injuries or damages alleged by Plaintiff.

### SIXTEENTH DEFENSE

Defendants adopt all defenses made available under Alabama statutory and common law and under federal law relating to limitations on punitive damages.

### SEVENTEENTH DEFENSE

To the extent Plaintiff asserts claims that are not like or related to her charge of discrimination filed with the EEOC, she cannot pursue such claims in this action under Title VII and has failed to exhaust her administrative remedies.

### EIGHTEENTH DEFENSE

To the extent Plaintiff proves she has been a victim of intentional discrimination by virtue of adverse employment actions within the meaning of 42 U.S.C. § 2000e-2(m), Defendant Koch Foods will demonstrate it would have taken

the same adverse actions regardless and therefore, Defendant Koch Foods sis entitled to the limitations on relief set forth at 42 U.S.C. § 2000e-5(g)(2)(B).

## NINETEENTH DEFENSE

Although Defendants deny they committed or have responsibility for any act that could support Plaintiff's theories of recovery against Defendants, to the extent any such act is found, any such recovery against Defendants is unconstitutional under the United States Constitution and the Alabama Constitution, including the Excessive Fines Clause of the Eighth Amendment.

## TWENTIETH DEFENSE

Pursuant to the United States Supreme Court's decisions in *Faragher* and *Ellerth,* Defendants plead Plaintiff's hostile work environment claims are barred by her unreasonable failure to take advantage of Defendant Koch Foods' preventative and corrective measures to remedy any purported harassment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

## TWENTY-FIRST DEFENSE

Defendants reserve the right to assert any additional affirmative defenses that may be determined during discovery.

Respectfully submitted,

*/s/ Rachel V. Barlotta*
RACHEL V. BARLOTTA
DAISY C. KARLSON
Attorneys for Defendant

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1400
Birmingham, Alabama 35203
(205) 328-0480
rbarlotta@bakerdonelson.com
dkarlson@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon the following counsel of record through the Court's CM/ECF system on this 13th day of December 2019:

Patrick L. Hays Jr., Esquire
415 E Commerce Street, Suite 201
Greenville, Alabama 36037
334-371-4297

                                                */s/ Rachel V. Barlotta*
                                                Of Counsel